*Motion for Disclosure of the Trial Judge's Report to the Clerk Denied
   July 30, 1993:*

In re CLAUSEN (DEBOER V SCHMIDT) and DEBOER V DEBOER, Nos.
96366, 96441, 96531, 96532. The motion by the Detroit Free Press for
disclosure of the trial judge's report to the clerk regarding the
transfer of custody in this case is denied. The report to the clerk was
not an order, opinion, or finding and has not been filed in the trial
court or in the Supreme Court. In the interest of striking a balance
between the public interest in this matter and concern over potential
disruption of the orderly transfer of custody, the Court discloses that,
under the supervision of the trial judge and by agreement of the
parties, a timely transfer of custody has been arranged. With respect
to the remaining details, for the present, the Supreme Court reaffirms
its decision that the report will remain confidential.

*Complaint for Superintending Control Dismissed August 3, 1993:*

KENT COUNTY CRIMINAL DEFENSE BAR V CHIEF JUDGE KENT CIRCUIT
COURT, 2/November 1992, No. 91553. On January 1, 1993, Kent
Circuit Court converted its assigned counsel compensation system
from an hourly- rate system to a contract system. For the reasons
stated in part IV(B)(2) of this Court's decision in *In re Recorder's Court
Bar Ass'n v Wayne Circuit Court,* 443 Mich 110, 132-133 (1993), such
a compensation system cannot be found to be unreasonable per se.
Any decision on the part of the Supreme Court, regarding the
reasonableness of compensation provided under the newly adopted
contract system, would be premature absent evidence of attorney
compensation actually provided under the system in practice.

This dismissal is without prejudice to the institution of an action by
any of the parties to this action or by individuals or entities not
parties to this action for a determination of the reasonableness of fees
paid in accordance with the newly adopted contract system for the
compensation of lawyers representing indigent criminal defendants.

Reconsideration denied October 1, 1993.

LEVIN, J. I would grant reconsideration, vacate the order dismissing
the plaintiff's complaint, and appoint a special master to conduct
hearings and make findings regarding the reasonableness of the Kent
County contract fee system, and, upon receipt of the special master's
report, would then consider and determine whether the Kent County
contract fee system is reasonable and consistent with the Supreme
Court's decision in *In re Recorder's Court Bar Ass'n v Wayne Circuit
Court,* 443 Mich 110 (1993).

*Order Entered August 4, 1993:*

PROPOSED AMENDMENTS OF MCR 6.425(F), 6.433(D), AND 7.210(B). On
order of the Court, this is to advise that the Court is continuing to
consider whether to amend MCR 6.425, 6.433, and 7.210, pursuant to
a proposal submitted by the Michigan Judges Association. The pro-